Judge Underwood,
delivered the opinion of the court.
Two executions in favor of James Nelson against the estate of Enos Woodward, made returnable to the third Wednesday in September, 1829, were placed, while in full force, in the hands of Ward, .the deputy for Keith, sheriff of Mason county. Ward failed to return these executions to the clerk’s office, until the 25th of September. Nelson, as relator, instituted suit against Keith and his sureties, upon his bond of .office, assigning, as a breach of its condition, the failure of Ward to return said executions on the return day.
failure by a sheriff to re turn an oxcution on the retir n day, entitles the plaintiff in the exeoution to recover n’uni ■al damages of him and his sureties, without any proof of actual damage sustained by the failure to return.
Failure by the sheriff to re-i'.-r-. an oxe-cm within I he month SI>t-*,Of.'iillg t! e 'C"-n”i day. renders him cab's for thp whole anunmt of the execution, a id 3tJ per ct. damages thereon.
it is the duty of sheriffs to return all final, as well as mesne process, mi. the return day.
The court, on motion of the relator, instructed the jury wl‘>a , for die failure of Ward to return the said executions, on or before 'he re-urn day; the Commonwealth for ihe use of Nelson, .ras eiritled to recover nominal damages; ait mgu there was no proof of actual damage resulting from the failure;” and --efu-cd the ins.ruction a-Iced by Keidi, &c. to the following eííéct: if from the evidence, me jur- rere satisfied that Nelson liad not sustained any damage wnaterer, by ihe failure of Wa- d to return the sa d executions,on or befo e he return day, cucy should find for the defendants.” The jury assessed nommal damages. Judgment was rendered for the Commonwealth, to reverse which, Keith, &c. have prosecuted a writ of error.
The consequences which devolve on the sheriff, for failing to return a i execution on t íe return day, when it is returned within one month thereafter, have not been d dined and settled by any adjudication of this court within our knowledge. It is a question of some importance to sheriffs and their sureties.
If the sheriff delays making ais return a month after the re-am day, he is made liable by express statute for the wnole unm.it of tie exeeudon, together w¡th *«VJ per centu n dam iges ihccon, (II Dig. II 13-1.) By a statute, of POS, it is ¡nade the duty of sheriffs to execute and to make due return of all writs and other process to him directed, under penalty of forfeiting one thousand pounds of tobacco, for every failure, Ü Dig. 1135.) To make 'Ju?. return, according to the language of the act, ¡he process should fie returned ac ihe time and place required by law. Tnese are specified on the face of the writ; and there is no safer or surer rule for the s’-'eriff to go by, (in the. opinion of Bacon) *han a strict observance of what is '¡«joined bj' the writ.” From these provisions of' the statui.es, it is clearly the duty of sheriffs in .-¡fentacky, to return all, final as well as mesne process, to them directed, on the ref urn day. A day’s delay, subjecis tile failing officer to a fine. A month’s delay, subjects him to the payment of the. amount of the execution, and thirty per cent, in addition. The last act does not repeal the first. There is no inconsistency in their provisions. * fan' the sheriff be reached by a suit on his official bond, for a breach of *361 duty, in not returning an execution as required? The answer min be found in the case of Hawkins, &c. vs. Commonwealth, I Monroe, 146.
Failure by a sheriff to retu™ an exP-~ return day * thereof, ¿a ^0.01* 1,is 011cltl oni*
failure to retur? an exe'¿ty‘eis perse, an in-’ iul7to. thy íheexocutíon fur which he ’ maj recover of íh,e.shenl1 ties mmi< at damages, by PN0' me,'fy to return.
Mills and Brown, for plaintiffs; Beatty, for defendant.
It is there declared, “whenever 'there is a failure by the sheriff, or his deputy, to execute, or due return make, of any valid process or precept, to either of them delivered, and to the sheriff directed, and which might have been executed; an action may be sustained upon the official bond, in behalf of the person, in whose favor suco process issued."’ We are of opinion, th'at the breach of duty on the pari, of the sheriff, in failing to return the execution, without proof of actual damage to the relator, subjected him to the payment of nominal damages at least, in the present action. It was a breach of the condition of his official bond, and consequently, his sureties were equally liable. We think, it resahs from tue statutory regulations on the subject, that llie failure to return an execution on the return day, is, per sc, an injury to tiw plaintiff in the execution, for which, nominal damages should be given against him and his sureties, without otiier proof, than the failure to make the return; and, that they should lie increased according io ihe proof of actual damage resulting to the plaintiff from the failure. It follows, that we perceive ño error in tiie mstrncion given, or withheld by the circuit court. These constituting the only questions embraced bv the assignment of errors, the judgment is affirmed, widi costs and damages.